UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 2:07 CR 156 JM |
| | ) | |
| MICHAEL BELL | ) | |

**PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, come now the United States of America, by Assistant United States Attorney Philip Benson, the defendant, Michael Bell, and Michael Bosch, as attorney for the defendant, and show the Court they have entered into a plea agreement as follows:

1. I, Michael Bell, have the ability to read, write and speak the English language.

2. I have received a copy of the Indictment and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has counseled and advised with me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand that by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

  a. If I persisted in a plea of not guilty to the charge against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

  b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. My attorney and I would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.

  c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

  d. At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine them. In turn, I could present witnesses and other evidence in my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

  e. At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

  f. At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

  g. In the event that I should be found guilty of the charge against me, I would have the right to appeal my conviction on such charge to a higher court.

6. I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant

to the application of the sentencing guidelines including, but not limited to, the adjusted offense level, the relevant circumstances in the case, the criminal history points and category, relevant conduct, the grouping of offenses, victim-related adjustments, role-in-the-offense adjustments, career offender status, criminal livelihood and acceptance of responsibility, as well as possible departures from the application of the U.S. Sentencing Guidelines.  I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from my lawyer, input from the lawyer for the government, the federal sentencing statutes, and the U.S. Sentencing Guidelines.

      7.      Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

a.     I will plead guilty to Count 1 of the Indictment filed in this cause, charging me with attempting to persuade, induce, entice, or coerce a minor to engage in sexual activity in violation of Title 18, United States Code, Section 2422(b).  I am pleading guilty to Count 1 of the Indictment because I am, in fact, guilty of the offense charged in that Count;

b.     I understand that the possible penalties that may be imposed upon me for my conviction on Count 1 is a minimum term of incarceration of ten (10) years, up to a maximum term of incarceration of life, a fine of up to $250,000.00, or a combination of both imprisonment and a fine, plus a special assessment of $100.00 in addition to any other penalty imposed.  I also understand that upon my release from prison, I will be required to serve a minimum term of supervised release of between at least five (5) years, up to a maximum term of life supervision;

c.     The United States of America and I have also entered into the following agreements which **are not binding upon the Court**, and I understand that if the Court does not follow these agreements I will not be allowed to withdraw my guilty plea:

    i.     In recognition of my acceptance of responsibility for my offense conduct,  I am entitled to a two point and, if eligible, an additional one point reduction in offense level for acceptance of responsibility; however, the government is not obligated to recommend I receive the acceptance of responsibility adjustment if I deny my involvement in the offense, give conflicting statements of my involvement, or

        engage in additional criminal conduct.

    ii.    The parties agree to ask the Court to impose a term of incarceration of 120 months in this case.

    iii.    The parties agree to ask the Court to impose a term of supervised release of ten (10) years in this case.

d.    The parties acknowledge that the defendant currently has State of Indiana charges pending in Hamilton County, Indiana, in Cause No. 29D02-0709-FB-108, for conduct similar to the conduct in this case. In exchange for the defendant's plea of guilty in this Northern District of Indiana federal case, the defendant also agrees to plead guilty in the Hamilton County case, and further agrees to a term of incarceration of Four (4) years in the Hamilton County case. The Hamilton County Prosecutor also agrees that 1) such time shall be served concurrently with the Ten (10) year sentence imposed in this federal case, and 2) the defendant's plea in the Hamilton County case shall occur after the defendant is sentenced in this federal case. Furthermore, the United States Attorney's Office for the Southern District of Indiana has agreed not to exercise their jurisdiction to bring additional federal charges for the defendant's conduct which forms the basis of the Hamilton County, Indiana, charges.

e.    The parties agree that no additional grounds exist for an upward or downward departure.

f.    I hereby agree that the provisions the Sexual Offender Registration and Notification Act (SORNA), Title 42 U.S.C. 16911 et seq., apply to my case and as such, I agree that I am a Tier Two sex offender. As a Tier Two sex offender, I understand and agree that pursuant to my plea of guilty in this cause, I will be required to register as a sexual offender for a period of 25 years. While on supervised release, I agree to supply to the supervising United States Probation Department written verification of my registration as a sexual offender. This requirement shall be in addition to any other conditions imposed upon me during supervised release. I further understand that any state that I reside in may impose separate and additional conditions as a result of my conviction in this matter.

g.    I further agree as a term of my supervised release, that without the prior approval of the supervising United States Probation Department, I shall not borrow, rent, use, own, have in my home, have in my possession, or have access to, any computer or any other type of device (i.e. a Blackberry; a P.D.A. device, such as a Palm Pilot, Windows Mobile organizer or Treo; or a cellular or mobile phone of any kind) that can connect to the Internet.

h.    I understand that at this time, the government possesses no evidence that I have ever engaged in any acts of manufacturing or producing child pornography, or engaged in any prior acts of actual molestation against minors under the age of 16. I hereby

-4-

affirmatively, under oath, state that I have **never** engaged in any acts of manufacturing or producing child pornography, and that I have never engaged in any prior acts of molestation against minors under the age of 16. If the government discovers that either or both of these statements is false, the government will not be obligated to make any of the non-binding recommendations and could seek additional sentencing enhancements, and **I WILL HAVE NO RIGHT TO WITHDRAW MY PLEA OF GUILTY**. I further understand that the Court could then sentence me to any term of imprisonment within the statutory maximum for the offense to which I am pleading guilty.

i. I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either: (1) ask the Court to make a determination that I have breached a term in this agreement, in which event I will at sentencing lose the benefit of **all** the non-binding promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (2) The United States could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed;

j. I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense, as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction or my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel, unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255;

k. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974;

8. I am prepared to state to the Court the facts in this matter that cause me to believe

that I am guilty of the Count to which I have agreed to plea guilty.

9. I believe and feel that my lawyer has done all that anyone could do to counsel and

assist me, and that I now understand the proceedings in this case against me.

      10.    I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

      11.    I understand and acknowledge that this agreement, once filed with the court, is a public document and available for public viewing.


 S/ Michael J. Bell                                 S/ Michael Bosch  
MICHAEL BELL                                       MICHAEL BOSCH  
Defendant                                                   Attorney for Defendant


APPROVED:

DAVID CAPP,  
Acting United States Attorney


By:  S/ Philip C. Benson  
      PHILIP C. BENSON  
      Assistant U. S. Attorney